■ JOHN FISCELLA, Appellant, v. NASSAU TERMINAL BOWLING ALLEYS, INC., et al., Respondents.— On July 27, 1948, two written agreements between the parties were executed. Under one agreement, plaintiff's wife (as his nominee) agreed to purchase twenty-five shares, and the individual defendant agreed to purchase fifty shares, of stock of the corporate defendant, and further agreed that if either stockholder desired to sell his stock he was to give thirty days' written notice of his intention so to do to the other stockholder, who was thereupon required to purchase same at a price computed in accordance with a certain formula, to be paid in specified installments. By the other agreement the corporation employed plaintiff at a salary of $200 a week for two years beginning on the occurrence of an event, which concededly took place on March 15, 1950. The corporation was given the right to terminate the employment on thirty days' notice to plaintiff in the event that the stock of plaintiff's wife " shall be sold." The agreement also provided that in the event of discharge for cause, plaintiff's salary was to continue until the issue of justification was determined adversely to him by arbitration. By written notice dated June 6, 1950, plaintiff's wife offered to sell her stock, at the price provided in the

contract of July 27, 1948, to the individual defendant, who thereafter indicated his willingness to purchase " in accordance with the agreement ". However, thereafter, he refused to pay the price demanded by plaintiff, which was in accordance with the formula contained in the contract. On July 7, 1950, plaintiff's wife instituted an action in the Supreme Court, Bronx County, against the individual defendant for specific performance of the agreement to purchase the stock. By written notice dated August 21, 1950, the corporation terminated plaintiff's employment by reason of the " sale " of the stock by plaintiff's wife, and for justification. On January 26, 1951, plaintiff commenced this action to recover salary from August 14, 1950, to March 15, 1952 (the date of the expiration of the two-year contract) from the corporate defendant and a similar amount from the individual defendant for inducing the breach of the contract. In the specific performance action, an order granting summary judgment in favor of plaintiff's wife was affirmed by the Appellate Division, First Department, on April 17, 1951 (*Fiscella* v. *Johnson,* 278 App. Div. 757), and judgment was entered in her favor directing the individual defendant to purchase the stock for a valuation determined as of June 30, 1950, in accordance with plaintiff's version as to the application of the formula contained in the contract, with interest on the valuation from June 6, 1950. The transaction was closed on December 4, 1951. In the case at bar, the appeal is from a judgment dismissing the amended complaint at the close of plaintiff's case and permitting the corporate defendant to withdraw its counterclaim. In dismissing the complaint, the court held that a triable issue was not presented. Judgment reversed and new trial granted, with costs to appellant to abide the event. In our opinion there was a sale of the stock when the offer of June 6, 1950, was accepted, even though the price to be paid was a matter of dispute between the parties, subsequently settled by the judgment of a court in the specific performance action, which judgment determined the value of the stock as of June 30, 1950, and allowed interest from June 6, 1950. The corporation had the right to terminate plaintiff's employment at any time after the sale, and did so by notice dated August 21, 1950. Plaintiff is entitled to recover salary from August 14, 1950, until thirty days after August 21, 1950. MacCrate, Schmidt, Beldock and Ughetta, JJ., concur; Nolan, P. J., concurs in the result, being of the opinion that the judgment must be reversed and a new trial granted, but dissents from the determinations that there was a sale of the stock when the offer to sell was accepted by the individual defendant, and that plaintiff may recover no more than his salary from August 14, 1950, to September 20, 1950. What has been referred to as an acceptance of the offer to sell was coupled with a refusal to pay the purchase price which the individual defendant was required to pay. There was no sale of the stock until title passed to the buyer. Whether title passed on June 6, 1950, shortly thereafter, or on some later date is a question which must be determined in accordance with the intent of the parties to the contract. (Personal Property Law, § 99.) It should not be held, as a matter of law, that plaintiff intended that title should pass to the individual defendant, while he was resisting the attempt to compel him to purchase it, and before there had been any agreement as to the purchase price. [See *post,* p. 784.]